HANNAH SMITH, widow of JAMES T. SMITH, deceased, *vs.*
PHILLIP D. ARMOUR, J. OGDEN ARMOUR and PHILLIP
D. ARMOUR, JR., trading as ARMOUR & COMPANY.

*Foreign Attachment—Construction of Statute—Tort.*

1. The statute of foreign attachment in its express terms, seems to be based upon the existence of a subsisting indebtedness as the foundation of the right to the writ.

2. It is not a common law remedy. It is purely a creature of the statute, and has been quite uniformly viewed as a violent proceeding by which the property of the defendant is taken and seized upon before the claim is judicially determined by a competent court of law; and has therefore been uniformly strictly construed.

Foreign attachment will not lie under our statute for actions sounding in tort.

(*June 17, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*William S. Hilles* for defendants.

Superior Court, New Castle County, No. 120 to May Term, 1898.

ATTACHMENT CASE. The contentions of counsel appear in the opinion of the Court.

The plaintiff filed an affidavit which alleged, among other things, the following State of facts: That "the above named defendants, trading as aforesaid, are not inhabitants of the State of Delaware, but, to the best of the knowledge and belief of said deponent, reside in the State of Illinois. That on Friday, the sixth day of May, A. D., 1898, this complainant sued out of said Court a writ of summons against said defendants in the above stated case, being ten days and upwards before the first day of the present May Term of this Court, being the return day of said writ of summons, which said writ of summons was issued out of this Court and delivered to William R. Flinn, Esquire, Sheriff of said County, on Friday the sixth day of May, being ten days

before the said return thereof. That the said Sheriff hath returned said writ into this Court, having endorsed thereon as his return thereof, the following : "*Non est inventus*, So ans. William R. Flinn, Sheriff," which said return shows that the said defendants, or any of them, cannot be found within the jurisdiction of this Court. That said defendants are a co-partnership.

"And said deponent further avers that she hath a good cause of action against the said defendants, and for proof thereof, now avers and shows to the Court as follows, to wit : that the said James T. Smith was the husband of said plaintiff, being this deponent, and was on the twenty-seventh day of November, A. D., 1897, employed as a carpenter by said defendants, upon the repair of the Cold Storage, Refrigerating and Distribution Building of said defendants, in the City of Wilmington, in the State of Delaware. That while so employed as aforesaid, upon the premises of said defendants, in a place which the said James T. Smith had a right to assume was a safe place for him to work in, without any caution from said defendants, or any of their representatives there, to said James T. Smith, deceased, and without any contributory negligence of the said James T. Smith, and outside of the actual and regular risk arising from and attendant upon the employment of said decedent at the place aforesaid, and by reason of the gross negligence and carelessness of said defendants, the upper floor and inner walls of said Cold Storage and Refrigerating Building, caved in and downward upon the first floor of said Cold Storage and Refrigerating establishment, where said decedent was then at work, and fell upon the said decedent, and crushed him beneath their superincumbent mass, so crushing the head and body of said decedent as to cause his immediate death.

" This deponent avers that she is able to establish, by competent evidence, the gross negligence and carelessness of said defendants in the premises, and that by reason thereof, and of the circumstances aforesaid, there hath accrued to her, under the laws of the State of Delaware, a cause of action against said defendants ; and this deponent tenders herself ready to furnish

this Court such other or further evidence of her said cause of action, as this Court may demand of her on the present motion.

"By reason of the premises, and in accordance with the statute of the State of Delaware in that behalf, this deponent, being the plaintiff aforesaid, prays the Court that a writ of foreign attachment may be issued against said defendants in the above stated cause,—other service upon said defendants being impossible for her."

On June 17th, 1898, after full argument by the respective counsel, the Court rendered the following decision :

LORE C. J :—This is an application to the Court to award a writ of foreign attachment, upon the return of *non est* upon a summons issued against the defendant ten days before the return thereof, in an action to recover damages for injuries sustained by reason of the defendant's tort, in failing to provide a safe place for one of defendant's employes.

The question is whether foreign attachment will lie on mesne process, in cases sounding in tort.

The statute governing this subject is found in Section 19, Chapter 104, page 785, Revised Code, and is as follows : "A writ of foreign attachment may be issued against any person not an inhabitant of this State, after a return to a summons, or *capias*, issued and delivered to the sheriff, or coroner, ten days before the return thereof, showing that the defendant cannot be found, and proof, satisfactory to the Court, of the cause of action ; or upon affidavit made by the plaintiff, or some other credible person, and filed with the prothonotary, that the defendant resides out of the State, and is justly indebted to the said plaintiff, in a sum exceeding fifty dollars."

If the case is within the statute, it is admitted that the writ must be awarded under the first clause, upon the return of a writ of summons or *capias* issued ten days before the return thereof, showing that the defendant cannot be found, and proof satisfactory to the Court of the cause of action.

It is claimed by the plaintiff, that upon such return, and proof to the Court of a reasonably fair *prima facie* cause of action,

that a writ of foreign attachment should be awarded, even though it be for a tort. It is simply a question of the construction of our own statute.

The writ of foreign attachment is based primarily upon the fact that the defendant resides out of the State. To entitle the plaintiff, therefore, to the said writ, such non residence must appear. ·

The statute provides two methods by which this fact may be shown, *prima facie*, as the foundation for the awarding of the writ ; first, by the return to a writ of summons or *capias*, which discloses on its face that the defendant cannot be found in the jurisdiction ; second, by the affidavit of the plaintiff or some credible person, as to the fact of such non residence. But neither such return, nor affidavit, is conclusive as to non residence, which if contradicted, must be proved in either case, before judgment can be had. It is manifest, therefore, that the return on the writ in the one case, and the affidavit in the other, only go to make a *prima facie* case of non residence, which is a condition precedent to the awarding of the writ.

Where affidavit is made, it must also appear that the defendant is *justly indebted* to the plaintiff ; on the return of the writ, proof satisfactory to the Court of the *cause of action*, must be made. It is contended that under the last clause, actions sounding in damages in tort may be included.

If this clause stood alone, the words *cause of action*, would embrace actions in tort, but they must be construed with all the rest of the statute.

Wherever in the statute the subject matter for which it is a remedy is expressly referred to, it is uniformly designated as a debt or indebtedness ; and the actors are spoken of as creditor and debtor. The statute therefore in its express terms, seems to be based upon the existence of a subsisting indebtedness as the foundation of the right to the writ.

It must be borne in mind that this is not a common law remedy. It is purely the creature of the statute, and has been quite uniformly viewed as a violent proceeding, by which the

property of the defendant is taken and seized upon, before the claim is judicially determined by a competent Court of law ; and has therefore been uniformly strictly construed.

*Vogle vs. The New Grenada, etc. Co., 1 Houst., 294; Pennsylvania Steel Co. vs. R. R. Co., 4 Houst., 578;* and the case of the *National Bank vs. Furtick, 2 Marvel.*

We have been unable to find a single case, where actions in tort have been held to be within the foreign attachment statute, unless the statute expressly so provided. This is the result of all the cases.

Under similar statutes in most of the states the courts have held, that the remedy is confined to actions *ex contractu,* and many hold that it will be awarded only for liquidated damages.

*Drake on Attachment, sec. 10226; 3 Am. and Eng. Ency. Law, 134, 138, 191; Porter vs. Hildebrand, 14 Pa. St., 129; Warwick vs. Chase, 23 Md., 154; Jeffrys vs. Woolley, 10 N. J. Law, 123; Chattick vs. Marsh, 21 N. J. Law, 463; Stanley vs. Ogden, 2 Root (Ct.,) 259; Griswold vs. Sharpe, 2 Cala., 17; Reed vs. Beach, 2 Pinney (Wis.,) 6.*

While we are not prepared to say that the cause of action must be for a liquidated demand, we are clearly of the opinion that foreign attachment will not lie under our statute for actions sounding in tort.

We therefore refuse to award the writ of foreign attachment.