J. JULIUS LEVY, SAMUEL K. MITCHELL and ELLSWORTH S. KELLER, as Trustees in Bankruptcy of Tower Magazines, Inc., a corporation of the State of Pennsylvania, *v.* FREMKIR CORPORATION, a corporation of the State of Delaware, and FREDERICK M. KIRBY, also known as Fred M. Kirby, also known as F. M. Kirby.

(*November* 30, 1937.)

HARRINGTON and RICHARDS, J. J., sitting.

*Ivan Culbertson* for the plaintiff.

*Aaron Finger* (of Richards, Layton and Finger), by leave of court, appeared specially for Frederick M. Kirby, one of the defendants.

Superior Court for New Castle County, No. 47, September Term, 1937.

HARRINGTON, J., delivering the opinion of the Court:
This case is before us on the motion of the attorney

for Frederick M. Kirby to quash a writ of foreign attachment issued against him. *Section* 4630 of the *Code of* 1935 provides for two methods whereby that writ may be issued against a "person not an inhabitant of this State." See, also, 2 *Woolley's Del. Prac.*, §§ 1268, 1269.

By the first method the writ may be issued "after a return to a summons, or capias, issued and delivered to the Sheriff * * * ten days before the return thereof, showing that the defendant cannot be found, and proof, satisfactory to the Court, of the cause of action."

By the second and most usual method, the writ may be issued on affidavit filed with the Prothonotary, stating "that the defendant resides out of the State, and is justly indebted to the plaintiff in a sum exceeding Fifty Dollars." *Woolley's Del. Prac.*, § 1272, *etc.*

■ ■ From the language of the statute, it is clear that the first method of procuring a writ of attachment, provided for by it, clearly contemplates a hearing before the court, and an order by that court before the writ can be issued, (*Smith v. Armour & Co.*, 1 *Penn.* 361, 40 *A.* 720) ; but by the second and most usual method the writ can be issued, though the court is not in session. *Woolley's Del. Prac.*, §§ 1272, 1278, 1290.

■ The plaintiffs attempted to proceed under the first method provided for by the statute, but did not comply with its provisions.

In *Smith v. Armour & Co.*, 1 *Penn.* 361, 40 *A.* 720, *supra,* the question, as to whether the writ should be issued under this provision of the statute, was brought before the court on a petition of the plaintiff, duly sworn to by her, and alleging all of the essential facts.

Under that method, although the nonresidence of a defendant is a material fact to be shown to the court, the language of the statute is such that it seems to indicate

that a return of the sheriff on a prior writ of summons, or a capias "showing that the defendant cannot be found" in the State, is intended to be *prima facie* evidence of non-residence.

Notwithstanding the dictum of the court in *Smith v. Armour & Co.,* 1 *Penn.* 361, 40 *A.* 720, *supra,* it would seem, however, that a return of *non est* on such a writ merely issued to the Sheriff of the County where the suit happened to be brought would not alone be *prima facie* evidence of the non-residence of the defendant; and that some additional evidence of that fact would be necessary before the writ of attachment could issue. But in any event that is not the only defect in the record. It, also, appears from it that the prior writ of summons required by the statute was not issued ten days before its return; and that the writ of foreign attachment was issued without any order of the court, or "proof" satisfactory to it of the plaintiffs' "cause of action."

The plaintiffs' attorney points out that he filed a declaration in the case before the writ was issued, but we cannot see how that, in any way, supports his contention that the defendant's motion should be refused.

For the reasons above given, the defendant's motion to quash and vacate the writ of foreign attachment is granted.